UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAIFUL ALAM,<br><br>　　　　　　　　　Petitioner,<br><br>　　　　　-v.-<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT et al.,<br><br>　　　　　　　　　Respondents. | 26 Civ. 03765 (JHR)<br><br><u>TRANSFER ORDER</u> |

JENNIFER H. REARDEN, District Judge:

On May 6, 2026, the Court received a letter to the Pro Se Intake Unit from Nasima Akter requesting that her spouse, Saiful Alam, be released from immigration custody.  *See* ECF No. 1. "The Court is obligated to construe pro se pleadings liberally and to interpret them to raise the strongest arguments they suggest." *Sabino v. Warden of GRVC*, No. 24 Civ. 4285 (KMW), 2025 WL 3154495, at *1 (S.D.N.Y. Nov. 10, 2025) (internal citations omitted) (construing *pro se* filing "as [p]etitioner's amended petition for a writ of habeas corpus").  Accordingly, the Court construes the letter as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by Ms. Akter on behalf of Mr. Alam.[1]

The Petition was filed on May 6, 2026.  *See* ECF No. 1.  On that date, Petitioner was "detained . . . at Brooklyn [Metropolitan Detention Center ("MDC")] at 80 29th Street, Brooklyn, [New York]," *id.* at 1, where he had been held "since May 1, 2026," ECF No. 5 (Respondents' Letter) ("Petitioner was located at the [MDC] in Brooklyn, New York at the time this action was filed[.]").

---

[1] The Court expresses no opinion regarding whether Ms. Akter has adequately pleaded standing to bring a petition on Mr. Alam's behalf as "next friend."  *See, e.g., Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (holding that sister of death row prisoner could not assert "next friend" status where prisoner was not disabled or incompetent, and she made no showing that he could not act on his own behalf).

In order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the jurisdiction of a habeas petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). The MDC, where Petitioner is detained, is in the Eastern District of New York. 28 U.S.C. § 112. Accordingly, the Court transfers this Petition to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 1404(a), 14066(a).

Because this Petition seeks the immediate release of an individual in custody, the Court waives Local Civil Rule 83.1's seven-day waiting period. The Clerk of Court shall therefore transfer this action upon the filing of this Order, which closes the case in the Southern District of New York.

SO ORDERED.

Dated: May 7, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

2